1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID LANDEIS, suing                No. 2:04-cv-2733-MCE-PAN
     individually and on behalf
12   of the general public,

13          Plaintiff,                    ORDER

14      v.

15   FUTURE FORD, FORD MOTOR
     COMPANY, and DOES One through
16   Ten,

17          Defendants.

18                         ----oo0oo----

19

20      On June 14, 2006, this Court granted summary adjudication in

21   favor of Defendant Future Ford ("Future Ford") as to Plaintiff's

22   claim for violation of the Fair Credit Reporting Act, 15 U.S.C.

23   § 1681, et seq. ("FCRA").  Because the Court concluded that the

24   requisite amount in controversy limit had not been satisfied, the

25   Court also dismissed Plaintiff's remaining federal claim, for

26   breach of the Magnusson-Moss Consumer Warranty Act, 15 U.S.C.

27   § 2301, et seq. ("MMWWA") on grounds that subject-matter

28   jurisdiction was lacking.

                                   1

1    Finally, the Court declined to exercise jurisdiction over

2 Plaintiff's state law claims given the lack of a cognizable

3 federal claim and consequently dismissed those claims without

4 prejudice.

5    Future Ford, as the prevailing party in this litigation, has

6 now filed a Bill of Costs in the amount of $2,848.21.[1]   Plaintiff

7 has filed Objections to that request.

8    Under Federal Rule of Civil Procedure 54(d), the prevailing

9 party[2] in a lawsuit may recover its costs "unless the court

10 otherwise directs."  As this language suggests, the ultimate

11 decision on whether to award costs is a matter within the court's

12 discretion.  Ass'n of Mexican-Am. Educators v. State of Cal.,

13 231 F.3d 572, 591-92 (9th Cir. 2000).  Pursuant to Local Rule

14 54-292(a), costs are awardable in conformity with the provisions

15 of 28 U.S.C. § 1920, and such other provisions of law as may be

16 applicable.  In addition, Local Rule 54-292(f)(11) allows the

17 court to tax other items it believes should be compensable "in

18 the interest of justice."

19

20

---

21    [1]Future Ford's original Bill of Costs, filed June 26, 2006,
was for $3,120.20.  As attached to the Declaration of Keith
22 Nourot in Reply to Plaintiff's Objections to the original cost
bill, however, Plaintiff filed an Amended Bill of Costs for
23 $2,848.21.

24    [2]Although Plaintiff cites authority for the proposition that
a party obtaining a dismissal for lack of subject-matter
25 jurisdiction is not a "prevailing party" within the meaning of
Rule 54(d) (see Miles v. Cal., 320 F.3d 986, 988 (9th Cir. 2003),
26 here there is no question that Future Ford was a prevailing party
with respect to Plaintiff's FCRA claim.  Moreover, even with
27 respect to the MMWA claim dismissed for lack of jurisdiction, the
court may still order the payment of "just costs pursuant to 28
28 U.S.C. § 1919."  Id. at 988, n.2.

1  If the court declines to award costs as requested by the

2  prevailing party it should specify its reasons for doing so.

3  Berkla v. Corel Corp., 302 F.3d 909, 921 (9th Cir. 2002).

4       Here, the Court finds that court reporter fees as requested

5  in the amount of $1,501.30 were necessarily obtained for use in

6  the case and should be taxed.[3]  With respect to towing charges in

7  the amount of $500.00, Future Ford indicates in its original Bill

8  of Costs that the expenditure was necessary because Plaintiff

9  refused to drive his vehicle to Future Ford for an inspection and

10  demanded that the vehicle instead be towed.  Plaintiff does not

11  dispute that factual contention in objecting to the costs bill.

12  Under those circumstances, the Court believes that the interests

13  of justice mandate inclusion of the towing bill as a compensable

14  cost.

15       The Court nonetheless rejects the remaining $847.09 sought

16  by Future Ford.  With respect to the $467.50 in witness fees,

17  that sum represents Future Ford's expense in paying for

18  depositions of Plaintiff's experts.  Under Federal Rule of Civil

19  Procedure 26(b)(4)(C), the party seeking to depose another side's

20  experts is responsible for paying a reasonable fee for the

21  deposition.  Future Ford claims that such fees can subsequently

22  be claimed as costs by the prevailing party, on grounds that

23  Rule 26(b)(4)(D) provides a statutory basis for recovering such

24  fees.

25       While there is authority for that proposition outside the

26

27       [3]Future Ford provided written documentation for its claimed

28  costs in Reply to Plaintiff's Objections, which asserted, inter
    alia, that such documentation should have been provided.

3

1 | Ninth Circuit (see, e.g., Trepel v. Roadway Express, Inc., 266
2 | F.3d 418, 427 (6th Cir. 2001), that authority is not binding on
3 | this Court.  The Court's own review of Rule 24's language reveals
4 | nothing that would provide an independent basis for anything
5 | other than the proposition that the fees of expert discovery are
6 | to be borne by the party seeking such discovery.  Rule
7 | 24(b)(4)(C) does not state that such fees are reimbursable.
8 | Additionally, while the provisions of 28 U.S.C. § 1920 and Local
9 | Rule 54-292(f) provide that compensation of court-appointed
10 | experts may be recoverable as costs, neither the statute nor this
11 | Court's rule extends that scope to party-retained experts.  The
12 | Court accordingly declines to tax the fees paid by Future Ford
13 | for deposing Plaintiff's experts.
14 |     The final cost item rejected by the Court concerns the
15 | $379.59 incurred by defense counsel in attending the deposition
16 | of Plaintiff's expert, Rocco Avelini, in Las Vegas.  Future
17 | Ford's counsel has cited no authority to support the contention
18 | that Plaintiff should be responsible for their costs in traveling
19 | to Las Vegas because Mr. Avelini declined to be deposed within
20 | the Eastern District.  Indeed, had Mr. Avelini agreed to come to
21 | Sacramento, defense counsel would have been responsible for his
22 | costs in doing so under Rule 24(b)(4)(C), and that expense would
23 | not have been recoverable as set forth above.
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

1    Given the foregoing, costs are taxed in favor of Future Ford

2 in the sum of $2,001.12.

3    IT IS SO ORDERED.

4 Dated: June 21, 2007

5

6 _____

7 MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28